[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12426

Non-Argument Calendar

_____

ANIL ZOOD,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-755-969

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Anil Zood seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of asylum pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and request for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16, based on the IJ and BIA's finding that Zood was not credible. He argues he satisfactorily explained any evidentiary inconsistencies supporting the IJ and BIA's adverse credibility determination and that he was entitled to CAT relief.

We review only the decision of the BIA, except to the extent that the BIA expressly adopted or explicitly agreed with the opinion of the IJ. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006). We lack jurisdiction to consider issues where a petitioner has failed to exhaust his administrative remedies, which includes arguments that were not presented to the BIA. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).

We review credibility determinations under the substantial-evidence test. *Chen*, 463 F.3d at 1230–31. "The trier of fact must

determine credibility, and this court may not substitute our judgment for that of the BIA with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). While a credibility determination may not be based on speculation and conjecture, "our review of an IJ's credibility determination is extremely deferential," and the IJ need only provide specific and cogent reasons supporting an adverse credibility determination. *Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 493–94 (11th Cir. 2013). We will reverse the IJ's credibility findings "only if the evidence 'compels' a reasonable fact finder to find otherwise." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1 (1992)).

An IJ's denial of asylum "can be supported solely by an adverse credibility determination, especially if the [petitioner] fails to produce corroborating evidence." *Chen*, 463 F.3d at 1231. However, even if a petitioner is found to be not credible, the IJ has a duty to consider other evidence produced by an asylum applicant. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (holding that, if the applicant produces other evidence of his persecution, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances").

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent

plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii) (as amended by the REAL ID Act § 101(a)(3)).  We have held that one inconsistency and one omission regarding the critical events of the petitioner's application were sufficient to support an adverse credibility finding where there was no corroborating evidence to rebut the inconsistency and omission. *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240–41 (11th Cir. 2010).  The fact that an applicant provides "tenable" explanations concerning the "implausible aspects of his claim" does not compel a finding that the IJ or BIA's credibility determination was not supported by substantial evidence, particularly where the applicant does not provide corroborating evidence. *Chen*, 463 F.3d at 1233.  An applicant's failure to meet the burden of proof for an asylum claim due to an adverse credibility determination precludes

eligibility for CAT relief because the burden of proving entitlement to withholding of removal or CAT relief is more demanding than the burden of proving eligibility for asylum. *Xia*, 608 F.3d at 1237 n.4.

Here, substantial evidence supported the IJ and BIA's finding that Zood was not credible because the record contains at least one inconsistency and one omission regarding the critical events of Zood's application and does not contain any corroborating evidence to rebut the inconsistency and omission.

Zood's testimony conflicted with his father's affidavit. Zood failed to raise this issue before the BIA. Thus, we lack jurisdiction over that unexhausted issue. Even if we had jurisdiction, Zood failed to explain these discrepancies in a manner that would "compel a reasonable fact finder to reverse the IJ's credibility determination." *Chen*, 463 F.3d at 1233.

Zood's testimony and the submitted medical records conflicted with affidavits from witnesses. Zood's explanation for those inconsistencies likewise fails to compel a finding that the IJ and BIA's decision was not supported by substantial evidence.

Further, because Zood failed to meet the burden of proof for his asylum claim due to an adverse credibility determination, he cannot prevail on his withholding of removal or his CAT claim. Accordingly, we deny Zood's petition.

**PETITION DENIED.**